UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT CR 15-235 JNE/TNL |
| ) | |
| Plaintiff, ) | 18 U.S.C. § 2 |
| ) | 18 U.S.C. § 1956(a)(1)(B) |
| v. ) | 21 U.S.C. § 841(a)(1) |
| ) | 21 U.S.C. § 841(b)(1)(A) |
| 1. BEATRICE MONIQUE BRACEY, ) | 21 U.S.C. § 841(b)(1)(B) |
| a/k/a "Peaches," ) | 21 U.S.C. § 841(b)(1)(C) |
| ) | 21 U.S.C. § 846 |
| 2. DENNIS BRACEY, ) | 21 U.S.C. § 853 |
| a/k/a "Red," ) | |
| ) | |
| 3. TYCARIE DASHON CLAYBORN, ) | |
| a/k/a "Dreads," ) | |
| ) | |
| 4. ANTOINE DEANDRE DANDRIDGE, ) | |
| a/k/a "Smoke," ) | |
| ) | |
| 5. AISHIA NICOLE MOORE, ) | |
| ) | |
| 6. WESLEY CORTEZ OATMAN, ) | |
| a/k/a "Chicago," ) | |
| a/k/a "Cork," ) | |
| ) | |
| 7. ALBERT DONELL PAYNE, ) | |
| a/k/a "Black," ) | |
| ) | |
| 8. FRANKLIN DEMARI STUCKEY, ) | |
| a/k/a "D," and ) | |
| ) | |
| 9. JONATHAN LELAND WHITE, ) | |
| ) | |
| Defendants. ) | |

SCANNED
AUG 19 2015
U.S. DISTRICT COURT MPLS

THE UNITED STATES GRAND JURY CHARGES THAT:

## COUNT 1
(Conspiracy to Distribute Heroin)

1. From in or about the Autumn of 2012, and continuing through on or about the date of this indictment, in the State and District of Minnesota, and elsewhere, the defendants,

**BEATRICE MONIQUE BRACEY,**
a/k/a "Peaches,"
**DENNIS BRACEY,**
a/k/a "Red,"
**TYCARIE DASHON CLAYBORN,**
a/k/a "Dreads,"
**ANTOINE DEANDRE DANDRIDGE,**
a/k/a "Smoke,"
**AISHIA NICOLE MOORE,**
**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork,"
**ALBERT DONELL PAYNE,**
a/k/a "AD," and
**FRANKLIN DEMARI STUCKEY,**
a/k/a "D," and
**JONATHAN LELAND WHITE,**

did unlawfully, knowingly and intentionally conspire with each other and with others, known and unknown to the grand jury, to distribute mixtures and substances containing detectable amounts of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Quantities of Heroin Involved in the Conspiracy

2. With respect to defendants **BEATRICE MONIQUE BRACEY**, a/k/a "Peaches," and **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved a total of one kilogram or more of mixtures and substances containing detectable amounts of heroin, a controlled substance, all in violation of Title 21, United States Code, Section 841(b)(1)(A).

3. With respect to defendants **TYCARIE DASHON CLAYBORN**, a/k/a "Dreads," **ANTOINE DEANDRE DANDRIDGE**, a/k/a "Smoke," and **ALBERT DONELL PAYNE**, a/k/a "Black," their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved a total of 100 grams or more of mixtures and substances containing detectable amounts of heroin, a controlled substance, all in violation of Title 21, United States Code, Section 841(b)(1)(B).

4. With respect to defendants **DENNIS BRACEY**, a/k/a "Red," **AISHIA NICOLE MOORE, FRANKLIN DEMARI STUCKEY**, a/k/a "D," and **JONATHAN LELAND WHITE**, their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved mixtures and substances containing detectable amounts of heroin, a controlled substance, all in violation of Title 21, United States Code, Section 841(b)(1)(C).

## Ways, Manners, and Means to Effect the Objects of the Conspiracy

5. During the period of the conspiracy, the defendants and their co-conspirators, used various ways, manners, and means to effect the objects of the conspiracy including, but not limited to, the following:

    a. The defendants and their co-conspirators were members of a drug trafficking organization informally known as the "Chicago Crew," named after its principal leader and manager, defendant **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork." Defendant **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," was assisted in leading the drug trafficking organization by defendant **BEATRICE MONIQUE BRACEY**, a/k/a "Peaches," and, at times, by **AISHIA NICOLE MOORE.**

    b. The defendants and their co-conspirators distributed heroin and other controlled substances for the purpose of generating illicit income.

    c. The defendants and their co-conspirators obtained heroin from drug suppliers in the Chicago area which was transported to the State and District of Minnesota for further distribution. Upon arrival in the Twin Cities Metropolitan area, the heroin was repackaged and distributed to numerous customers who were, for the most part, young heroin addicts.

    d. The defendants and their co-conspirators used various telephones to conduct their operations. One method involved the use of a "duty phone," in which a member of the conspiracy would hold a telephone, on a rotating basis, to receive calls from customers. The distributor would then arrange to meet with customers to distribute heroin

to them. Another method involved the use of a "dispatch number," in which a member of the conspiracy would take orders over the telephone and then send other members of the conspiracy to conduct heroin transactions. The defendants and their co-conspirators would regularly change their telephone numbers to disguise and conceal their operations from law enforcement scrutiny. To notify customers of these changes, the defendants and their co-conspirators would send broadcast text messages to customers.

    e. The defendants and their co-conspirators would typically direct customers to "hover" in certain neighborhoods in North Minneapolis, Columbia Heights and Saint Paul. Customers would then call the duty phone or dispatch number to arrange for the purchase of heroin. The defendants and their co-conspirators would then direct customers to a specific location to meet with the distributor. Sometimes customers would arrive at a specific location and then be directed to another location. In this manner, the defendants and their co-conspirators hoped to thwart detection by law enforcement authorities. Once a customer was "in position," a member of the conspiracy would meet briefly with the customer to distribute the heroin, typically through a car window.

    f. The defendants and their co-conspirators used the money obtained from their drug trafficking activities to pay for additional heroin and to pay members of the conspiracy for services rendered.

    g. Certain defendants would title rental vehicles, personal vehicles, residences and hotel rooms in other persons' names to conceal their assets and identities from law enforcement scrutiny.

h. The defendants and their co-conspirators recruited co-conspirators from the Chicago area on an as-needed basis to fill gaps in the membership of the drug trafficking organization when members of the conspiracy were arrested or otherwise unavailable.

i. The defendants and their co-conspirators would often bring small children with them to conduct drug transactions to provide "cover" for their illegal activities.

j. The defendants and their co-conspirators would, from time to time, distribute heroin laced with Fentanyl to give their customers a stronger "high."

Overt Acts of the Conspiracy

6. During the period of the conspiracy, the defendants and their co-conspirators committed certain overt acts in the State and District of Minnesota and elsewhere including, but not limited to the following:

a. On or about February 8, 2013, in Brooklyn Center, Minnesota, defendants **BEATRICE MONIQUE BRACEY**, a/k/a "Peaches," **TYCARIE DASHON CLAYBORN**, a/k/a "Dreads," **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," and **ALBERT DONELL PAYNE**, a/k/a "AD," possessed approximately 3.27 grams of cocaine and 5.17 grams of heroin, wrapped in numerous small plastic bags, which they intended to distribute to customers.

b. On or about April 1, 2013, in Minneapolis, Minnesota, defendants **BEATRICE MONIQUE BRACEY**, a/k/a "Peaches," **TYCARIE DASHON CLAYBORN**, a/k/a "Dreads," **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a

6

"Cork," and **ALBERT DONELL PAYNE**, a/k/a "AD," possessed a .44 magnum handgun and a small amount of heroin, which they intended to distribute to customers.

  c. On or about July 4, 2013, in Minneapolis, Minnesota, defendant **TYCARIE DASHON CLAYBORN**, a/k/a "Dreads," possessed approximately 1.4 grams of heroin which he intended to distribute to customers.

  d. On or about February 11, 2014, in Minneapolis, Minnesota, defendant **TYCARIE DASHON CLAYBORN**, a/k/a "Dreads," possessed approximately 0.2 gram of heroin which he intended to distribute to customers.

  e. On or about August 19, 2014, in Minneapolis, Minnesota, defendant **AISHIA NICOLE MOORE** distributed approximately 0.538 gram of heroin to a police informant in exchange for $140.

  f. On or about August 30, 2014, in Minneapolis, Minnesota, defendant **AISHIA NICOLE MOORE** and an unindicted co-conspirator possessed approximately 3.386 grams of heroin, wrapped in 13 separate packages, which they intended to distribute to customers.

  g. On or about October 6, 2014, in Minneapolis, Minnesota, defendant **ALBERT DONELL PAYNE**, a/k/a "Black," distributed approximately 0.741 gram of heroin to a police informant in exchange for $200.

  h. On or about January 4, 2015, in Minneapolis, Minnesota, defendant **ALBERT DONELL PAYNE**, a/k/a "Black," distributed approximately 0.4 gram of heroin to a drug customer.

  i. On or about January 5, 2015, in Minneapolis, Minnesota, defendant **ANTOINE DEANDRE DANDRIDGE**, a/k/a "Smoke," attempted to abscond from the police while loitering in the vicinity of a known drug trafficking area.

  j. On or about March 5, 2015, in Coon Rapids, Minnesota, a drug customer possessed a small amount of heroin which he had recently obtained from defendant **ANTOINE DEANDRE DANDRIDGE**, a/k/a "Smoke."

  k. On or about March 11, 2015, in Minneapolis, Minnesota, defendant **ANTOINE DEANDRE DANDRIDGE**, a/k/a "Smoke," distributed approximately 0.582 gram of heroin to a police informant for $120.

  l. On or about March 19, 2015, in Minneapolis, Minnesota, defendant **ANTOINE DEANDRE DANDRIDGE**, a/k/a "Smoke," distributed approximately 0.705 gram of heroin to a police informant for $160.

  m. On or about March 26, 2015, in Roseville, Minnesota, defendant **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," purchased a 2014 Jeep Cherokee for $38,369.98 after instructing an unindicted co-conspirator to pay the dealership $9,999.00 in drug money and to title the vehicle in her name.

  n. On or about April 1, 2015, in Minneapolis, Minnesota, defendant **DENNIS BRACEY**, a/k/a "Red," distributed approximately 0.284 gram of heroin to a police informant for $140.

  o. On or about April 21, 2015, in Minneapolis, Minnesota, defendant **DENNIS BRACEY**, a/k/a "Red," distributed approximately 0.650 gram of heroin to two police informants for $140.

p. On or about May 18, 2015, in Saint Paul, Minnesota, defendant **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," distributed approximately 0.592 gram of heroin to a police informant for $140.

q. On or about May 21, 2015, in Columbia Heights, Minnesota, defendant **JONATHAN LELAND WHITE** distributed approximately 3.0 grams of heroin to a police informant for $500.

r. On or about June 9, 2015, defendants **BEATRICE MONIQUE BRACEY**, a/k/a "Peaches," **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," and **JONATHAN LELAND WHITE** conducted numerous heroin transactions at various locations in the Twin Cities Metropolitan area.

s. On or about June 16, 2015, in Saint Paul, Minnesota, defendants **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," and **ALBERT DONELL PAYNE**, a/k/a "Black," distributed approximately 1.359 grams of heroin to a police informant for $360.

t. On or about June 25, 2015, in Columbia Heights, Minnesota, defendant **JONATHAN LELAND WHITE** distributed approximately 1.131 grams of heroin to a police informant for $260.

u. On or about July 8, 2015, in Minneapolis, Minnesota, defendants **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," and **JONATHAN LELAND WHITE** possessed approximately 10.0 grams of heroin, which they intended to distribute to customers.

v. On or about July 28, 2015, in Saint Paul, Minnesota, defendant **ALBERT DONELL PAYNE**, a/k/a "Black," distributed approximately 0.38 gram of heroin to a police informant for $100.

w. On or about July 28, 2015, in Saint Paul, Minnesota, defendant **ALBERT DONELL PAYNE**, a/k/a "Black," distributed approximately 0.46 gram of heroin to two customers.

x. On or about July 30, 2015, in Columbia Heights, Minnesota, defendant **WESLEY CORTEZ OATMAN**, a/k/a "Chicago," a/k/a "Cork," possessed approximately 0.25 gram of heroin, which he intended to distribute to customers.

y. On or about August 11, 2015, in Brooklyn Center, Minnesota, defendant **FRANKLIN DEMARI STUCKEY**, a/k/a "D," distributed approximately 0.80 gram of heroin to a police informant for $140.

z. On or about August 12, 2015, in Brooklyn Center, Minnesota, defendant **FRANKLIN DEMARI STUCKEY**, a/k/a "D," possessed approximately 5.0 grams of heroin, which he intended to distribute to customers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT 2
(Possession With Intent to Distribute of Heroin)

On or about February 11, 2014, in the State and District of Minnesota, the defendant,

**TYCARIE DASHON CLAYBORN,**
a/k/a "Dreads,"

did unlawfully, knowingly and intentionally possess with intent to distribute approximately 0.2 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 3
(Distribution of Heroin)

On or about August 19, 2014, in the State and District of Minnesota, the defendant,

**AISHIA NICOLE MOORE,**

did unlawfully, knowingly and intentionally distribute approximately 0.538 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 4
(Possession With Intent to Distribute Heroin)

On or about August 30, 2014, in the State and District of Minnesota, the defendant,

**AISHIA NICOLE MOORE,**

aided and abetted by another, did unlawfully, knowingly and intentionally possess with intent to distribute approximately 3.386 grams of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 5
(Distribution of Heroin)

On or about October 6, 2014, in the State and District of Minnesota, the defendant,

**ALBERT DONELL PAYNE,**
a/k/a "Black,"

did unlawfully, knowingly and intentionally distribute approximately 0.741 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6
(Distribution of Heroin)

On or about January 4, 2015, in the State and District of Minnesota, the defendant,

**ALBERT DONELL PAYNE,**
a/k/a "Black,"

did unlawfully, knowingly and intentionally distribute approximately 0.40 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 7
(Distribution of Heroin)

On or about March 11, 2015, in the State and District of Minnesota, the defendant,

**ANTOINE DEANDRE DANDRIDGE,**
a/k/a "Smoke,"

did unlawfully, knowingly and intentionally distribute approximately 0.582 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 8
(Distribution of Heroin)

On or about March 19, 2015, in the State and District of Minnesota, the defendant,

**ANTOINE DEANDRE DANDRIDGE,**
a/k/a "Smoke,"

did unlawfully, knowingly and intentionally distribute approximately 0.705 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 9
(Money Laundering)

On or about March 26, 2015, in the State and District of Minnesota, the defendant,

**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork,"

aided and abetted by another, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a 2014 Jeep Cherokee, VIN: 1C4PJLDB7EW297104 for $38,369.98, from Roseville Chrysler, Dodge and Jeep in Roseville, Minnesota, which involved the proceeds of a specified unlawful activity, that is $9,999.00 in cash that was a down payment and which came from the sale of heroin, knowing that the transaction was designed in whole or in part to conceal and disguise, the nature, source, ownership, and control of the proceeds of said specified unlawful activity, by titling the vehicle in another person's name, and to avoid a transaction reporting requirement under federal law, that is, the filing by the car dealership of an IRS Form 8300 (Report of Cash Payments Over $10,000 Received in a Trade or Business), and

that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B).

## COUNT 10
(Distribution of Heroin)

On or about April 1, 2015, in the State and District of Minnesota, the defendant,

**DENNIS BRACEY,**
a/k/a "Red,"

did unlawfully, knowingly and intentionally distribute approximately 0.284 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 11
(Distribution of Heroin)

On or about April 21, 2015, in the State and District of Minnesota, the defendant,

**DENNIS BRACEY,**
a/k/a "Red,"

did unlawfully, knowingly and intentionally distribute approximately 0.650 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 12
(Distribution of Heroin)

On or about May 18, 2015, in the State and District of Minnesota, the defendant,

**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork,"

did unlawfully, knowingly and intentionally distribute approximately 0.592 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 13
(Distribution of Heroin)

On or about May 21, 2015, in the State and District of Minnesota, the defendant,

**JONATHAN LELAND WHITE,**

did unlawfully, knowingly and intentionally distribute approximately 3.0 grams of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 14
(Distribution of Heroin)

On or about June 16, 2015, in the State and District of Minnesota, the defendant,

**ALBERT DONELL PAYNE,**
a/k/a "Black," and
**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork,"

each aiding and abetting the other, did unlawfully, knowingly and intentionally distribute approximately 1.359 grams of a mixture and substance containing a detectable amount of

heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 15
(Distribution of Heroin)

On or about June 25, 2015, in the State and District of Minnesota, the defendant,

**JONATHAN LELAND WHITE,**

did unlawfully, knowingly and intentionally distribute approximately 1.359 grams of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 16
(Possession With Intent to Distribute Heroin)

On or about July 8, 2015, in the State and District of Minnesota, the defendant,

**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork," and
**JONATHAN LELAND WHITE,**

each aiding and abetting the other, did unlawfully, knowingly and intentionally possess with intent to distribute approximately 10 grams of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 17
(Distribution of Heroin)

On or about July 28, 2015, in the State and District of Minnesota, the defendant,

**ALBERT DONELL PAYNE,**
a/k/a "Black,"

did unlawfully, knowingly and intentionally distribute approximately 0.38 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 18
(Distribution of Heroin)

On or about July 28, 2015, in the State and District of Minnesota, the defendant,

**ALBERT DONELL PAYNE,**
a/k/a "Black,"

did unlawfully, knowingly and intentionally distribute approximately 0.46 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 19
(Possession With Intent to Distribute Heroin)

On or about July 30, 2015, in the State and District of Minnesota, the defendant,

**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork,"

did unlawfully, knowingly and intentionally possess with intent to distribute approximately .25 gram of a mixture and substance containing a detectable amount of

heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 20
(Distribution of Heroin)

On or about August 11, 2015, in the State and District of Minnesota, the defendant,

**FRANKLIN DEMARI STUCKEY,**
a/k/a "D,"

did unlawfully, knowingly and intentionally distribute approximately 0.8 gram of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 21
(Possession With Intent to Distribute Heroin)

On or about August 12, 2015, in the State and District of Minnesota, the defendant,

**FRANKLIN DEMARI STUCKEY,**
a/k/a "D,"

did unlawfully, knowingly and intentionally possess with intent to distribute approximately 5.0 grams of a mixture and substance containing a detectable amount of heroin, a controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION

If convicted of any of the drug counts of this indictment, the defendants,

**BEATRICE MONIQUE BRACEY,**
a/k/a "Peaches,"
**DENNIS BRACEY,**
a/k/a "Red,"
**TYCARIE DASHON CLAYBORN,**
a/k/a "Dreads,"
**ANTOINE DEANDRE DANDRIDGE,**
a/k/a "Smoke,"
**AISHIA NICOLE MOORE,**
**WESLEY CORTEZ OATMAN,**
a/k/a "Chicago,"
a/k/a "Cork,"
**ALBERT DONELL PAYNE,**
a/k/a "Black,"
**FRANKLIN DEMARI STUCKEY,**
a/k/a "D," and
**JONATHAN LELAND WHITE,**

shall forfeit to the United States any property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of each such violation; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of each such violation; and any substitute for such property under Title 21, United States Code, Section 853(p); including, but limited to a 2014 Jeep Cherokee automobile, VIN: 1C4PJLDB7EW297104, all pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____    _____
UNITED STATES ATTORNEY            FOREPERSON